West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Jonathan Prince
wes@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following complaintwas FILED on 7/31/2026 9:34:53 AM

Notice Date: 7/31/2026 9:34:53 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Falcon Services, LLC d/b/a Falcon Consulting & Management
P.O. Box 4034
Morgantown, WV 26504

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following complaintwas FILED on 7/31/2026 9:34:53 AM

Notice Date: 7/31/2026 9:34:53 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Ryan Lynch
310 Lawless Rd., Suite 130
Morgantown, WV 26501

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following complaintwas FILED on 7/31/2026 9:34:53 AM

Notice Date: 7/31/2026 9:34:53 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Kendall Makenzie Robey
kendall@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following complaintwas FILED on 7/31/2026 9:34:53 AM

Notice Date: 7/31/2026 9:34:53 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Samuel Dominick Madia
sam@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following complaintwas FILED on 7/31/2026 9:34:53 AM

Notice Date: 7/31/2026 9:34:53 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

E-FILED | 7/31/2026 9:34 AM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

# SUMMONS

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

Service Type: Secretary of State - Certified - Including Copy Fee

NOTICE TO: Falcon Services, LLC d/b/a Falcon Consulting & Management, P.O. Box 4034, Morgantown, WV 26504

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Jonathan Prince, 1056A Maple Drive, , Morgantown, WV 26505

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

---

SERVICE:

7/31/2026 9:34:53 AM
Date

/s/ Donna J. Hidock
Clerk

---

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ______________________

______________________________________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ______________________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

______________________
Date

______________________
Server's Signature

# SUMMONS

E-FILED | 7/31/2026 9:34 AM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

Service Type: Secretary of State - Certified - Including Copy Fee

NOTICE TO: Falcon Services, LLC d/b/a Falcon Consulting & Management, P.O. Box 4034, Morgantown, WV 26504

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Jonathan Prince, 1056A Maple Drive, , Morgantown, WV 26505

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

7/31/2026 9:34:53 AM ______
Date

/s/ Donna J. Hidock ______
Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______

☐ I certify that I personally delivered a copy of the Summons and Complaint t ______

______

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ______, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

______
Date

______
Server's Signature

# SUMMONS

E-FILED | 7/31/2026 9:34 AM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

Service Type: Secretary of State - Certified - Including Copy Fee

NOTICE TO: Falcon Services, LLC d/b/a Falcon Consulting & Management, P.O. Box 4034, Morgantown, WV 26504

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Jonathan Prince, 1056A Maple Drive, , Morgantown, WV 26505

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

---

SERVICE:

| 7/31/2026 9:34:53 AM | /s/ Donna J. Hidock |
|---|---|
| Date | Clerk |

---

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ____________________

____________________________________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ____________________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

| ____________________ | ____________________ |
|---|---|
| Date | Server's Signature |

# SUMMONS

E-FILED | 7/31/2026 9:34 AM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

Service Type: Sheriff - Including Copy Fee

NOTICE TO: Ryan Lynch, 310 Lawless Rd., Suite 130, Morgantown, WV 26501

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Jonathan Prince, 1056A Maple Drive, , Morgantown, WV 26505

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 7/31/2026 9:34:53 AM | /s/ Donna J. Hidock |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ____________________

______________________________________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ____________________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

| ____________________ | ____________________ |
|---|---|
| Date | Server's Signature |

# SUMMONS

**Case Number:**
CC-31-2026-C-305

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

Service Type: Sheriff - Including Copy Fee

NOTICE TO: Ryan Lynch, 310 Lawless Rd., Suite 130, Morgantown, WV 26501

Jonathan Prince, 1056A Maple Drive, , Morgantown, WV 26505

SERVICE:

7/31/2026 9:34:53 AM — Date

/s/ Donna J. Hidock — Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ______________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ______________________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

______________________ Date

______________________ Server's Signature

**CC-31-2026-C-305**

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

**SERVICE RETURN**

E-FILED | 7/31/2026 9:34 AM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

# COVER SHEET

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF MONONGALIA COUNTY WEST VIRGINIA

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**Judge:** Cindy Scott

## COMPLAINT INFORMATION

**Case Type:** Civil

**Complaint Type:** Tort

**Origin:** ☑ Initial Filing ☐ Appeal from Municipal Court ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No

**Case will be ready for trial by:** 11/8/2027

**Mediation Requested:** ☑ Yes ☐ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other: ____________

☐ I am proceeding without an attorney

☑ I have an attorney: Jonathan Prince, 1056A Maple Drive , Morgantown, WV 26505

# SERVED PARTIES

**Name:** Falcon Services, LLC d/b/a Falcon Consulting & Management

**Address:** P.O. Box 4034, Morgantown WV 26504

**Days to Answer:** 30 **Type of Service:** Secretary of State - Certified - Including Copy Fee

---

**Name:** Ryan Lynch

**Address:** 310 Lawless Rd., Suite 130, Morgantown WV 26501

**Days to Answer:** 30 **Type of Service:** Sheriff - Including Copy Fee

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Jonathan Prince
wes@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following complaintwas FILED on 7/31/2026 9:34:53 AM

Notice Date: 7/31/2026 9:34:53 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

# COVER SHEET

E-FILED | 7/31/2026 9:34 AM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF MONONGALIA COUNTY WEST VIRGINIA

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**Judge:** Cindy Scott

## COMPLAINT INFORMATION

**Case Type:** Civil

**Complaint Type:** Tort

**Origin:** ☑ Initial Filing ☐ Appeal from Municipal Court ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No

**Case will be ready for trial by:** 11/8/2027

**Mediation Requested:** ☑ Yes ☐ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other: ______

☐ I am proceeding without an attorney

☑ I have an attorney: Jonathan Prince, 1056A Maple Drive , Morgantown, WV 26505

# SERVED PARTIES

**Name:** Falcon Services, LLC d/b/a Falcon Consulting & Management

**Address:** P.O. Box 4034, Morgantown WV 26504

**Days to Answer:** 30 **Type of Service:** Secretary of State - Certified - Including Copy Fee

---

**Name:** Ryan Lynch

**Address:** 310 Lawless Rd., Suite 130, Morgantown WV 26501

**Days to Answer:** 30 **Type of Service:** Sheriff - Including Copy Fee

E-FILED | 7/31/2026 9:34 AM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

**IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA**

**MONTGOMERY TUCKWILLER,**

**PLAINTIFF,**

**v.**

**CIVIL ACTION NO.**
**JUDGE ____________________**

**FALCON SERVICES, LLC d/b/a**
**Falcon Consulting & Management, and**
**RYAN LYNCH, individually,**
**and as an officer of Falcon Services, LLC**

**DEFENDANTS.**

**COMPLAINT**

Plaintiff, Montgomery Tuckwiller, by counsel, files this Complaint against Defendants Falcon Service, LLC, and Ryan Lynch, individually, and as an officer of Falcon Service, LLC, for violations of the West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-1, *et seq.* (hereinafter WPCA). In support of his Complaint, Plaintiff states as follows:

**Parties**

1. Plaintiff Montgomery Tuckwiller is a citizen and resident of West Virginia.

2. Defendant Falcon Services, LLC d/b/a Falcon Consulting & Management (hereinafter Falcon) is a West Virginia limited liability company with a mailing address of P.O Box 4034, Morgantown, West Virginia 26504 and principal office address of 310 Lawless Rd., STE 130 Morgantown, West Virginia 26501. Falcon does business in Monongalia County, West Virginia through its project management and related services to affiliated real estate holding companies.

3. Defendant Ryan Lynch (hereinafter Lynch) has attempted to conceal his residency from employees of Falcon, including Plaintiff. On the West Virginia Secretary of State s website, Lynch is identified as being a member of numerous limited liability companies, including but not limited to Falcon, WestRidge Management, LLC, and Toro Equities, LLC. As a member of various limited liability companies, Lynch has represented his address as follows:

(A) P.O. Box 4034, Morgantown, West Virginia 26504;
(B) P.O. Box 4613 Morgantown, West Virginia 26504;
(C) 460 Mylan Park Lane Morgantown, West Virginia 26504;
(D) 405 Lakeview Drive Morgantown, West Virginia 26508;
(E) 460 Mylan Park Lane Morgantown, West Virginia 26501;
(F) P.O. Box 4544 Morgantown, West Virginia 26504; and
(G) 6400 E. Grant Rd. Suite 350 Tucson, Arizona, 85730.

4. Upon information and belief, Lynch may reside at an unknown location in South Carolina.

5. Lynch is a member and the President of Falcon. During the period of time in which Falcon failed to pay Plaintiff his wages and/or fringe benefits, Lynch was an officer in the management of Falcon who knowingly permitted Falcon to violate the WPCA by failing to pay Plaintiff his wages and/or fringe benefits.

**Jurisdiction and Venue**

6. The amount of Plaintiff's damages exceeds the jurisdictional limits for claims filed in the Magistrate Court of Monongalia County, West Virginia

7. Venue is proper in the Circuit Court of Monongalia County pursuant to the provisions of W. Va. Code § 56-1-1 because Falcon's principal place of business is located in Monongalia County, West Virginia; because Falcon and Lynch do business in Monongalia County, West Virginia; and because Falcon and Lynch's breach of the employment agreement with Plaintiff occurred in Monongalia County, West Virginia.

**Factual Allegations**

8. On or about September 15, 2016, Plaintiff received an offer of employment from Falcon for the position of Engineer which Plaintiff accepted.

9. Pursuant to the September 15, 2016, offer letter, Falcon agreed to pay Plaintiff an annual salary of $110,000.00.

10. Pursuant to the September 15, 2016, offer letter, Falcon agreed to pay Plaintiff on a bi-monthly basis.

11. Further, pursuant to the September 15, 2016, offer letter, Falcon agreed to reimburse Plaintiff for $10,000.00 of student loan debt.

12. Further, a term and condition of Plaintiff's employment with Falcon upon his hiring was a Falcon funded safe harbor contribution into Plaintiff's 401(k) at the rate of 6% of Plaintiff's salary which was immediately and fully vested.

13. Thereafter, on or about March 4, 2024, Falcon, by and through its Member and President, Lynch, sent Plaintiff a revised offer of employment with Falcon for the position of Project Engineer. *See* Exhibit 1.

14. On March 7, 2024, Plaintiff agreed to the terms and conditions of the revised offer letter. *Id.*

15. Pursuant to the March 4, 2024, offer letter, Falcon, by and through its Member and President, Lynch, agreed to pay Plaintiff an annual salary of $135,000.00. *Id.*

16. Further, pursuant to the March 4, 2024, offer letter, Falcon, by and through its Member and President, Lynch, agreed to increase Plaintiff's salary by 3% (i.e., cost of living increase) beginning October 2024. *Id.* Thus, beginning in October 2024 Plaintiff's salary should have increased to $139,050.00. *Id.*

17. Further, pursuant to the March 4, 2024, offer letter, Falcon, by and through its Member and President, Lynch, agreed to either provide Plaintiff with a company vehicle for work related purposes and needs or pay Plaintiff $15,000.00 annually as a vehicle allowance. *Id.*

18. Further, pursuant to the March 4, 2024, offer letter, Falcon, by and through its Member and President, Lynch, agreed that Plaintiff shall remain eligible to participate in the comprehensive benefits package. *Id.*

19. Moreover, pursuant to the March 4, 2024, offer letter, Falcon, by and through its Member and President, Lynch, agreed to pay Plaintiff a bonus of $15,000.00 within fifteen (15) days of Plaintiff agreeing to the terms of the March 4, 2024, offer letter. *Id.*

20. Plaintiff performed his duties under the March 4, 2024, offer of employment letter.

21. Thereafter, on or about July 1, 2025, Plaintiff received a promotion to Project Manager wherein Falcon, by and through its Member and President, Lynch, agreed to *inter alia* pay Plaintiff an annual salary of $150,000.00, with a $15,000.00 annual vehicle allowance, and a $50,000.00 retention bonus to be paid in five (5) $10,000.00 monthly installments beginning in November 2025. *See* Exhibit 2.

22. Plaintiff performed his duties under the July 1, 2025, offer of employment letter.

23. At all relevant times, Plaintiff performed his duties in a competent, capable, loyal, and satisfactory manner.

24. At all relevant times, Plaintiff fulfilled all his contractual obligations under all his offer of employment letters and employment agreements with Falcon provided by and through its Member and President, Lynch.

**Non-Payments & Late Payments of Wages**

25. On or around May 2024, Falcon, by and through its Member and President, Lynch, began to pay Plaintiff's wages in an untimely manner.

26. For example, Plaintiff's wages that were due to be paid on February 29, 2024, were untimely paid on March 1, 2024.

27. Plaintiff's wages that were due to be paid on March 31, 2024 were untimely paid on April 1, 2024.

28. Plaintiff's wages that were due to be paid on April 15, 2024 were untimely paid on April 18, 2024.

29. Plaintiff's wages that were due to be paid on May 15, 2024 were untimely paid on May 22, 2024.

30. Plaintiff's wages that were due to be paid on May 31, 2024 were untimely paid on June 4, 2024.

31. Plaintiff's wages that were due to be paid on June 30, 2024 were untimely paid on July 10, 2024.

32. On October 1, 2024, Plaintiff's salary should have increased to $139,050.00 reflecting a 3% cost of living adjustment as contracted for and agreed to between the parties and as set forth in the March 4, 2024, offer letter. *See* Exhibit 1.

33. On October 1, 2024, Falcon, by and through its Member and President, Lynch, failed to increase Plaintiff's salary to $139,050.00 reflecting a 3% cost of living adjustment as contracted for and agreed to between the parties and as set forth in the March 4, 2024, offer letter. *Id.*

34. Plaintiff's wages that were due to be paid on October 15, 2024, were not paid in their entirety.

35. Plaintiff's wages that were due to be paid on October 31, 2024, were not paid in their entirety.

36. Plaintiff's wages that were due to be paid on November 15, 2024 were, in part, not paid in their entirety, and untimely paid on November 27, 2024.

37. Plaintiff's wages that were due to be paid on November 30, 2024 were, in part, not paid in their entirety, and untimely paid on December 10, 2024.

38. Plaintiff's wages that were due to be paid on December 15, 2024 were, in part, not paid in their entirety, and untimely paid on March 3, 2025.

39. Plaintiff's wages that were due to be paid on December 31, 2024 were, in part, not paid in their entirety, and untimely paid on February 14, 2025.

40. Plaintiff's wages that were due to be paid on January 15, 2025 were, in part, not paid in their entirety, and were untimely paid on April 1, 2025.

41. Plaintiff's wages that were due to be paid on January 31, 2025 were, in part, not paid in their entirety, and were untimely paid on May 5, 2025.

42. Plaintiff's wages that were due to be paid on February 15, 2025 were, in part, not paid in their entirety, and were untimely paid on May 15, 2025.

43. Plaintiff's wages that were due to be paid on March 15, 2025 were, in part, not paid in their entirety, and were untimely paid on May 23, 2025.

44. Plaintiff's wages that were due to be paid on February 28, 2025 were, in part, not paid in their entirety, and untimely paid on May 29, 2025.

45. Plaintiff's wages that were due to be paid on March 31, 2025 were, in part, not paid in their entirety, and untimely paid on May 29, 2025.

46. Plaintiff's wages that were due to be paid on May 31, 2025 were, not paid in their entirety.

47. Plaintiff's wages that were due to be paid on May 15, 2025 were, in part, not paid in their entirety, and untimely paid on May 30, 2025.

48. Plaintiff's wages that were due to be paid on April 30, 2025 were, in part, not paid in their entirety, and untimely paid on May 30, 2025.

49. Plaintiff's wages that were due to be paid on April 15, 2025 were, in part, not paid in their entirety, and untimely paid on May 30, 2025.

50. Plaintiff's wages that were due to be paid on June 15, 2025 were not paid in their entirety.

51. Plaintiff's wages that were due to be paid on June 30, 2025 were not paid in their entirety.

52. On July 1, 2025, Plaintiff's salary should have increased to $150,000.00 reflecting a promotion to the position of Project Manager as contracted for and agreed to between the parties and as set forth in the July 1, 2025, letter of revised employment terms. *See* Exhibit 2.

53. On July 1, 2025, Falcon, by and through its Member and President, Lynch, failed to increase Plaintiff's salary to $150,000.00 as contracted for and agreed to between the parties and as set forth in the July 1, 2025, letter of revised employment terms. *Id.*

54. Plaintiff's wages that were due to be paid on July 15, 2025 were not paid in their entirety.

55. Plaintiff's wages that were due to be paid on July 31, 2025 were not paid in their entirety.

56. Plaintiff's wages that were due to be paid on August 15, 2025 were not paid in their entirety.

57. Plaintiff's wages that were due to be paid on August 31, 2025 were, in part, not paid in their entirety, and untimely paid on September 4, 2025.

58. Plaintiff's wages that were due to be paid on September 15, 2025 were not paid in their entirety.

59. Plaintiff's wages that were due to be paid on September 30, 2025 were, in part, not paid in their entirety, and untimely paid on October 2, 2025.

60. Plaintiff's wages that were due to be paid on October 15, 2025 were, in part, not paid in their entirety, and untimely paid on October 16, 2025.

61. Plaintiff's wages that were due to be paid on October 31, 2025 were, in part, not paid in their entirety, and untimely paid on November 10, 2025.

62. Plaintiff's wages that were due to be paid on November 15, 2025 were, in part, not paid in their entirety, and untimely paid on December 31, 2025.

63. Plaintiff's wages and fringe benefits that were due to be paid on November 30, 2025, have not been paid.

64. Plaintiff's wages and fringe benefits that were due to be paid on December 15, 2025, have not been paid.

65. Plaintiff's wages and fringe benefits that were due to be paid on December 31, 2025, have not been paid.

66. Plaintiff's wages and fringe benefits that were due to be paid on January 15, 2026, have not been paid.

**Failure to Remit Employee 401(k) Withholdings**

67. In addition to his unpaid wages and the untimely paid wages, Falcon, by and through its Member and President, Lynch, upon information and belief failed to remit withholdings from Plaintiff's salary to Plaintiff's 401(k) from January 1, 2025, to the end of Plaintiff's employment with Falcon.

68. Specifically, Falcon, by and through its Member and President, Lynch, withheld but failed to remit to Plaintiff's 401(k) a total of approximately $3,600.00 beginning with Plaintiff's paycheck due on December 31, 2024, until the end of Plaintiff's employment with Falcon.

**Failure to Provide Employer 401(k) Safe Harbor Contribution**

69. In addition to his unpaid wages, his untimely paid wages, and Falcon's failure to remit Plaintiff's 401(k) withholdings, Falcon, by and through its Member and President, Lynch failed to the fund the safe harbor contribution into Plaintiff s 401(k) at the rate of 6% of Plaintiff's salary from January 1, 2024, to the end of Plaintiff's employment with Falcon depriving Plaintiff of $16,832.25.

**Failure to Remit Withheld Federal Income Taxes and Social Security Contributions**

70. Further, upon information and belief and in a continuing pattern of illegal and nefarious conduct, Falcon, by and through its member and President, Lynch, withheld Federal Income Taxes and Social Security contributions from Plaintiff's wages but failed to remit those withholding to the Federal Government.

**Extraneous and Unnecessary Expenses**

71. While failing to timely and fully pay Plaintiff and Plaintiff's co-workers wages, Falcon, by and through its member and President, Lynch, employed a personal chef Mr. Jason LaMine for the benefit of Lynch.

72. Further, while failing to timely and fully pay Plaintiff and Plaintiff's co-workers wages, Falcon, by and through its member and President, Lynch, employed a housekeeper Ms. Erzsebet Ruiz for the benefit of Lynch.

73. Mr. LaMine and Ms. Ruiz performed their personal services for the benefit of Lynch in South Carolina.

74. While failing to timely and fully pay Plaintiff and Plaintiff's co-workers wages, Falcon, by and through its member and President, Lynch, at times chose to pay Ms. Ruiz her wages while failing and/or choosing not to pay Plaintiff and Plaintiff's co-workers their wages.

**Extreme Annoyance and Inconvenience**

75. Moreover, in addition to the above instances of illegal and nefarious conduct, throughout Plaintiff's employment with Falcon; Falcon, by and through its member and President, Lynch, failed to pay the premiums for Plaintiff's health insurance, dental insurance, vision insurance, life insurance, accidental death and dismemberment insurance, and long-term disability insurance which caused said insurance to be cancelled at least three (3) times without a warning from Lynch or Falcon.

76. The routine failure of Falcon, by and through its member and President, Lynch to pay the premiums for Plaintiff's insurances caused significant stress, annoyance, and inconvenience to Plaintiff.

77. Specifically, Plaintiff is an insulin dependent diabetic and the sporadic cancelling of Plaintiff's health insurance during his employment with Falcon, without reason or explanation by Falcon or Lynch, caused Plaintiff to drastically alter his lifestyle for fear of having to unnecessarily personally incur medical expenses.

78. Moreover, Falcon and Lynch's routine and common failures to comply with the WPCA caused Plaintiff to forever lose opportunities with his family resulting in Plaintiff suffering extreme annoyance and inconvenience.

**Plaintiff's Resignation**

79. On or about December 26, 2025, Plaintiff submitted his letter of resignation from and to Falcon, effective January 2, 2026.

80. A reason for Plaintiff's resignation from Falcon was *inter alia* Falcon, by and through its member Lynch as set forth herein, routine and commonplace failures to comply with the WPCA.

81. The next regular payday following Plaintiff's separation of employment was January 15, 2026.

82. Falcon, by and through its member and President, Lynch, failed to pay Plaintiff all wages and fringe benefits on or before January 15, 2026.

83. As a direct and proximate result of the actions, omissions, and conduct described above Plaintiff is owed wages, fringe benefits, he has been damaged, and he has suffered great aggravation, annoyance, and inconvenience.

**Affiliated Company Cashflow**

84. As set forth *supra*, Lynch is a member of various limited liability companies.

85. Further, Lynch is the President of West Ridge, Inc.

86. West Ridge, Inc. and Falcon are affiliated entities because both companies are either owned or directed by Lynch.

87. On or about August 18, 2025, West Ridge, Inc., WestRidge Land Holdings, LLC, WestRidge Commons 4A1, LLC, WestRidge Commerce Centre Development 2E, LLC, WestRidge Corporate Park Investments LLC, WestRidge Commons Development LLC, and WestRidge Corporate Park 3 LLC (hereinafter, "WestRidge Entities") filed for Chapter 11 bankruptcy.

88. Falcon is identified as an unsecured creditor to West Ridge, Inc. in West Ridge, Inc.'s bankruptcy petition.

89. According to West Ridge, Inc.'s bankruptcy petition, West Ridge, Inc. owed/owes Falcon $1,928,640.00.

90. The bankruptcy petitions of the WestRidge Entities are being jointly administered.

91. As of today, during their bankruptcy case the WestRidge Entities have incurred approximately $6,500,000.00 in attorney fees.

92. Therefore, because affiliated companies owned/controlled by Lynch have the funds to pay an egregious amount of attorney fees, among other fees being paid during the bankruptcy proceeding, there is no excuse for Falcon and Lynch to have not paid Plaintiff and Plaintiff's co-workers their wages and fringe benefits.

**COUNT I**

**Violations of the WPCA Defendant Falcon Services, LLC**

93. Plaintiff incorporates every allegation in each of the previous paragraphs of this *Complaint* as if restated herein.

94. Falcon is an employer as that term is defined under W. Va. Code § 21-5-1(m).

95. Plaintiff is an employee of Falcon as that term is defined under W. Va. Code § 21-5-1(b).

96. Falcon was statutorily required to timely pay Plaintiff his wages on a semi-monthly basis and more specifically on the 15th and last business day of each month in accordance with the law and the offer of employment letters.

97. Falcon failed to timely pay Plaintiff his earned wages on a semi-monthly basis and more specifically on the 15th and last business day of each month in accordance with in accordance with the law and the offer of employment letters.

98. Falcon violated W. Va. Code § 21-5-3 by failing to timely pay Plaintiff all wages earned on a semi-monthly basis and more specifically on the 15th and last business day of each month in accordance with in accordance with the law and the offer of employment letters.

99. Falcon was statutorily required to timely remit a portion of Plaintiff s annual salary, or the sum of $3,600.00, as an employee contribution to Plaintiff s 401(k) plan as set forth above and in accordance with the law and Plaintiff s employment.

100. Falcon failed to timely remit a portion of Plaintiff s annual salary, or the sum of $3,600.00, as an employee contribution to Plaintiff s 401(k) plan in accordance with the law and Plaintiff s employment.

101. Falcon violated W. Va. Code § 21-5-3 by failing remit a portion of Plaintiff s annual salary, or the sum of $3,600.00, as an employee contribution to Plaintiff s 401(k) plan in accordance with the law and Plaintiff s employment.

102. Falcon was statutorily required to timely remit 6% of Plaintiff's salary, or the sum $16,832.25, as an employer safe harbor contribution to Plaintiff's 401(k) as set forth above and in accordance with the law and Plaintiff's employment.

103. Falcon failed to timely remit 6% of Plaintiff's annual salary, or the sum of $16,832.25, as an employer safe harbor contribution to Plaintiff's 401(k) plan in accordance with the law and Plaintiff's employment.

104. Falcon violated W. Va. Code § 21-5-3 by failing remit 6% of Plaintiff's annual salary, or the sum of $16,832.25, as an employer safe harbor contribution to Plaintiff's 401(k) plan in accordance with the law and Plaintiff's employment.

105. Plaintiff separated from his employment with Falcon on or about January 2, 2026 due to his unpaid wages and fringe benefits.

106. Falcon was statutorily required to pay Plaintiff all wages due on or before the next regular payday following Plaintiff's separation of employment with Falcon.

107. Falcon failed to pay Plaintiff all wages due on or before the next regular payday following Plaintiff's separation of employment with Falcon.

108. Falcon violated W. Va. Code § 21-5-4 by failing to pay Plaintiff all wages due on or before the next regular payday following Plaintiff's separation of employment with Falcon.

109. Falcon was statutorily required to pay Plaintiff all fringe benefits due on or before the next regular payday following Plaintiff's separation of employment with Falcon.

110. Falcon failed to pay Plaintiff all fringe benefits due on or before the next regular payday following Plaintiff's separation of employment with Falcon.

111. Falcon violated W. Va. Code § 21-5-4 by failing to pay Plaintiff all fringe benefits due on or before the next regular payday following Plaintiff's separation of employment with Falcon.

112. Further, pursuant to W. Va. Code § 21-5-4a, upon Plaintiff's separation from employment with Falcon or the issuance of Plaintiff's final paycheck, Falcon was statutorily

required to notify Plaintiff in writing the identity of Falcon's authorized representative and where to send a written demand by both e-mail and regular mail.

113. Falcon violated W. Va. Code § 21-5-4a by failing to notify Plaintiff in writing upon his separation from employment with Falcon or the issuance of Plaintiff's final paycheck the identify of Falcon's authorized representative and where to send a written demand by both e-mail and regular mail.

114. As a result of Falcon's violation of W. Va. Code 21-5-4a, Plaintiff is not required to comply with the safe harbor provisions of the WPCA and, as a result, is entitled to seek liquidated damages and attorneys' fees from Falcon without first making a written demand.

115. As a direct and proximate result of the actions, omissions, and conduct described above, Plaintiff is owed wages and fringe benefits, he has been damaged, and he has suffered great aggravation, annoyance, and inconvenience.

**COUNT II**
**Personal Liability for Violations of the WPCA – Defendant Ryan Lynch**

116. Plaintiff incorporates every allegation in each of the previous paragraphs of this *Complaint* as if restated herein.

117. Further, pursuant to Rule 10(c) of the West Virginia Rules of Civil Procedure, Plaintiff incorporates by reference herein all allegations set forth in Count II of the *Complaint* in *Mastrone v. Falcon Services, LLC, et al.* (CC-31-2025-C-129).

118. At all relevant times herein, Lynch was an officer of Falcon as that term is defined under W. Va. Code § 21-5-1(h).

119. Lynch held the position of President of Falcon during the period of time in which Plaintiff was not paid his wages of fringe benefits as alleged *supra*.

120. Lynch was an officer in the management of Falcon who knowingly permitted Falcon to violate the WPCA by failing to pay Plaintiff his earned wages and fringe benefits.

121. Upon information and belief, Lynch hired Corey Slider for the position of Controller, to which employees of Falcon, would direct communications regarding payroll, tax concerns, 401(k) questions, and employer-paid health insurance premiums.

122. On May 15, 2025, Lynch, as the President and Member of Falcon, held an All Hands meeting during which he acknowledged Falcon's significant difficulty meeting its payroll obligations but promised that by May 24, 2025 all unpaid payroll would be caught up.

123. Lynch's promise that by May 24, 2025, Falcon's unpaid payroll would be caught up did not occur.

124. On May 23, 2025, Lynch, as the President and Member of Falcon, held an All Hands meeting during which he acknowledged Falcon's significant difficulty meeting its payroll obligations but promised that by May 28, 2025 all unpaid payroll would be caught up.

125. Lynch's promise that by May 28, 2025, Falcon's unpaid payroll would be caught up did not occur.

126. On June 6, 2025, Lynch, as the President and Member of Falcon, held an All Hands meeting during which he acknowledged Falcon's significant difficulty meeting its payroll obligations and set forth an expectation that payroll would be paid on time going forward and acknowledged that Falcon had cash on hand to meet its payroll obligations for several months.

127. Further, during the June 6, 2025, All Hands meeting Lynch, as the President and Member of Falcon, set forth an expectation that once funding was secured from RMWC, a commercial real estate lending company, that Falcon would have enough cash on hand to meet its payroll obligations for years to come.

128. Moreover, during the June 6, 2025, All Hands meeting Lynch, as the President and Member of Falcon, acknowledged that Falcon had failed to timely remit employees' tax and social security obligations to the Federal Government.

129. On November 20, 2025, Lynch, as the President and Member of Falcon, held an All Hands meeting during which he acknowledged Falcon's failure to meet its payroll obligations

and that Schneider Downs & Co., Inc. would be assuming responsibility for administering Falcon's payroll by the first week of December 2025.

130. As an officer of Falcon, Lynch had a duty to see that Falcon complied with the law as it relates to the payment of Plaintiff's wages under the WPCA.

131. Lynch knew that Falcon failed to pay Plaintiff pursuant to his employment agreement.

132. Lynch knew that Falcon failed to pay Plaintiff his earned wages on a semi-monthly basis.

133. Lynch knew that Falcon withheld but failed to remit monies into Plaintiff's 401(k) retirement account pursuant during his employment with Falcon.

134. Lynch knew that Falcon failed to contribute the employer safe harbor contribution to Plaintiff 401(k) retirement account pursuant to his employment with Falcon.

135. Lynch knew that Plaintiff was not paid all wages earned by the next regular payday following Plaintiff's separation of employment with Falcon.

136. Lynch knowingly permitted Falcon to evade its responsibility to pay Plaintiff his earned wages.

137. Lynch knowingly permitted Falcon to violate the provisions of the WPCA.

138. Lynch is personally liable for Plaintiff's unpaid wages, liquidated damages, interest, costs, and attorney's fees under the WPCA.

139. As a direct and proximate result of the actions, omissions, and conduct described above, Plaintiff is owed wages and fringe benefits, he has been damaged, and he has suffered great aggravation, annoyance, and inconvenience.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally for the following damages:

A. Unpaid wages totaling $27,829.17 delineated as follows:

i. $168.75 for the pay period encompassing October 1, 2024, through October 15, 2024, with interest from October 15, 2024;

ii. $168.75 for the pay period encompassing October 16, 2024, through October 31, 2024, with interest from October 31, 2024;

iii. $168.75 for the pay period encompassing November 1, 2024, through November 15, 2024, with interest from November 15, 2024;

iv. $168.75 for the pay period encompassing November 16, 2024, through November 30, 2024, with interest from November 30, 2024;

v. $168.75 for the pay period encompassing December 1, 2024, through December 15, 2024, with interest from December 15, 2024;

vi. $168.75 for the pay period encompassing December 16, 2024, through December 31, 2024, with interest from December 31, 2024;

vii. $168.75 for the pay period encompassing January 1, 2025, through January 15, 2025, with interest from January 15, 2025;

viii. $168.75 for the pay period encompassing January 16, 2025, through January 31, 2025, with interest from January 31, 2025;

ix. $168.75 for the pay period encompassing February 1, 2025, through February 15, 2025, with interest from February 15, 2025;

x. $168.75 for the pay period encompassing February 16, 2025, through February 28, 2025, with interest from February 28, 2025;

xi. $168.75 for the pay period encompassing March 1, 2025, through March 15, 2025, with interest from March 15, 2025;

xii. $168.75 for the pay period encompassing March 16, 2025, through March 31, 2025, with interest from March 31, 2025;

xiii. $168.75 for the pay period encompassing April 1, 2025, through April 15, 2025, with interest from April 15, 2025;

xiv. $168.75 for the pay period encompassing April 16, 2025, through April 30, 2025, with interest from April 30, 2025;

xv. $168.75 for the pay period encompassing May 1, 2025, through May 15, 2025, with interest from May 15, 2025;

xvi. $168.75 for the pay period encompassing May 16, 2025, through May 31, 2025, with interest from May 31, 2025;

xvii. $168.75 for the pay period encompassing June 1, 2025, through June 15, 2025, with interest from June 15, 2025;

xviii. $168.75 for the pay period encompassing June 16, 2025, through June 30, 2025, with interest from June 30, 2025;

xix. $625.00 for the pay period encompassing July 1, 2025, through July 15, 2025, with interest from July 15, 2025;

xx. $625.00 for the pay period encompassing July 16, 2025, through July 31, 2025, with interest from July 31, 2025;

xxi. $625.00 for the pay period encompassing August 1, 2025, through August 15, 2025, with interest from August 15, 2025;

xxii. $625.00 for the pay period encompassing August 16, 2025, through August 31, 2025, with interest from August 31, 2025;

xxiii. $625.00 for the pay period encompassing September 1, 2025, through September 15, 2025, with interest from September 15, 2025;

xxiv. $625.00 for the pay period encompassing September 16, 2025, through September 30, 2025, with interest from September 30, 2025;

xxv. $625.00 for the pay period encompassing October 1, 2025, through October 15, 2025, with interest from October 15, 2025;

xxvi. $625.00 for the pay period encompassing October 16, 2025, through October 31, 2025, with interest from October 31, 2025;

xxvii. $625.00 for the pay period encompassing November 1, 2025, through November 15, 2025, with interest from November 15, 2025;

xxviii. $6,250.00 for the pay period encompassing November 16, 2025 through November 30, 2025 with interest from November 30, 2025;

xxix. $6,250.00 for the pay period encompassing December 1, 2025 through December 15, 2025 with interest from December 15, 2025;

xxx. $6,250.00 for the pay period encompassing December 16, 2025 through December 31, 2025 with interest from December 31, 2025; and

xxxi. $416.67 for the pay period encompassing January 1, 2026 through January 15, 2026 with interest from January 2, 2026.

B. An unpaid $50,000.00 bonus;

C. Withheld but unpaid employee contributions to Plaintiff's 401(k), totaling $3,600.00 (excluding interest);

D. Unpaid employer safe harbor contributions to Plaintiff's 401(k) totaling $16,650.00 (excluding interest);

E. Liquidated damages in the amount $473,187.66 which is two times compensatory damages as provided in W. Va. Code § 21-5-4(e), and more specifically including, but not limited to, the following:

   a. $55,658.34 for unpaid wages with interest;

   b. $100,000.00 for unpaid bonus with interest;

   c. $277,029.32 for untimely wages with interest;

   d. $7,200.00 for withheld but not remitted contributions by Plaintiff to his 401(k) with interest; and

   e. $33,300.00 for unpaid employer safe harbor contributions to Plaintiff's 401(k) with interest.

F. Pre-judgment and post-judgment interest as provided under West Virginia law;

G. Costs and expenses incurred in the prosecution of this matter, including reasonable attorney's fees as provided by W. Va. Code § 21-5-12(b); and

H. Such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

***Plaintiff*, Montgomery Tuckwiller,**
**By Counsel,**

/s/ Wes Prince

Samuel D. Madia (WV Bar No. 10819)
J. Wesley Prince (WV Bar No. 13250)
Kendall M. Robey (WV Bar No. 14863)
**MADIA LAW FIRM, PLLC**
1056A Maple Drive
Morgantown, WV 26505
P: (304) 622-1100; F: (304) 599-5859
sam@madialawfirm.com
wes@madialawfirm.com
kendall@madialawfirm.com

FALCON consulting & management

March 4, 2024 (rev. 1)

Mr. Monty Tuckwiller
monty@falconcm.net
*Sent Via Electronic Mail*

Dear Monty,

I am very pleased to provide the below updated offer of employment for your review and consideration.

**Employer:** Falcon Consulting & Management ("Falcon" or "FCM")

**Employee:** Monty Tuckwiller

**Position Title:** Project Engineer

**Effective Date:** January 1, 2024. Any "catch up" salary payments to be remitted to Employee at the first regularly scheduled payroll date following acceptance of these terms.

**Base Salary:** $135,000. All pay is subject to deductions required by law and for the cost of elected programs and benefits.

Falcon and Employee acknowledge and agree that Employee shall be eligible for a subsequent and additional 3% cost of living increase to base salary in October 2024.

**Benefits:** Subject to the terms of each plan, Employee shall continue to remain eligible to participate in the comprehensive benefits package provided.

**Vehicle:** Falcon to either (i) provide a company vehicle for work related use and needs or (ii) provide a 'vehicle allowance' to employee of $15,000 annually. Falcon and Employee shall work to mutually agree on the details (timing, vehicle type, etc.) of the terms of this vehicle section and work towards implementing the same as soon as practicable, but no later than April 15, 2024..

Use of the company provided vehicle for travel related to work is not taxable to the employee. Use of the company provided vehicle for travel related to personal use is taxable to the employee. Any personal income taxes for your daily commute to/from your Morgantown residence and the Falcon office or Falcon related projects/sites/buildings will be reimbursed by the employer. Any personal income taxes for use of company vehicle, following acceptance of this offer, for other personal activities shall be the responsibility of the employee.

**Bonus:** **Within fifteen (15) days of acceptance of these revised terms of employment, Employee shall be eligible for bonus of $15,000, before any tax and other deductions required by law.**

**Sincerely,**

Ryan Lynch

**Ryan Lynch**

Acceptance:

3-7-24

Mr. Montgomery "Monty" Tuckwiller **Date**

FALCON
consulting & management

**Ryan Lynch**
304 692 1462
*ryan@lynchwv.net*

PO Box 4034
Morgantown, WV 26504-4034

*Miranda Zelenak, Executive Assistant*
*304 216 5310*
*miranda.zelenak@lynchwv.net*

October 17, 2025 (v2)

*(Hand delivered)*
Montgomery "Monty" Tuckwiller
866 Hidden View Way
Morgantown, WV 26508

RE: Revised Employment Terms

Dear Monty:

I am very grateful for your continued hard work, dedication, and significant contributions to Falcon. As follow up to our prior conversations, I am very pleased to provide you with the enclosed updated offer of employment terms - for your review and consideration. If you are in agreement, please counter-sign and return a scanned PDF copy via e-mail to ryan@lynchwv.net.

Very truly yours,

Ryan Lynch

FALCON
consulting & management

**Ryan Lynch**
304 692 1462
*ryan@lynchwv.net*

PO Box 4034
Morgantown, WV 26504-4034

*Miranda Zelenak, Executive Assistant*
*304 216 5310*
*miranda.zelenak@lynchwv.net*

**REVISED EMPLOYMENT TERMS**
(10/17/25 1700)

| | |
|---|---|
| **Employer:** | Falcon Services, LLC ("Falcon" or "FCM") |
| **Employee:** | Monty Tuckwiller |
| **Position Title:** | Project Manager |
| **Effective Date:** | July 1, 2025. |
| **Base Salary:** | $150,000. All pay is subject to deductions required by law and for the cost of elected programs and benefits.[1] |
| **Benefits:** | Subject to the terms of each plan, Employee shall continue to remain eligible to participate in the comprehensive benefits package provided. |
| **Vehicle:** | Falcon to continue to provide a company vehicle for work related use and needs or (ii) provide a 'vehicle allowance' to employee of $15,000 annually (pre-tax).<br><br>Use of the company provided vehicle for travel related to work is not taxable to the employee. Use of the company provided vehicle for travel related to personal use is taxable to the employee. Any personal income taxes for your daily commute to/from your Morgantown residence and the Falcon |

[1] Effective date based upon our prior verbal discussions (including but not limited to 06.01.25 and 06.08.25), "Catch up payments" for difference between amounts paid to employee from 07.01.25 through 11.01.25 and amount of base salary in this revised offer of employment terms to be remitted to employee before 12/31/25.

FALCON
consulting & management

**Ryan Lynch**
304 692 1462
*ryan@lynchwv.net*

PO Box 4034
Morgantown, WV 26504-4034

*Miranda Zelenak, Executive Assistant*
*304 216 5310*
*miranda.zelenak@lynchwv.net*

office or Falcon related projects/sites/buildings will be reimbursed by the employer. Any personal income taxes for use of company vehicle, following acceptance of this offer, for other personal activities shall be the responsibility of the employee.

**Retention Bonus:** Subject to the execution of a mutually agreeable retention bonus agreement, and in consideration of the terms of such agreement, employee shall be eligible for retention bonus of $50,000.00, before any tax and other deductions required by law. The retention bonus shall be paid in five (5) monthly installments, commencing in November 2025.

**ACCEPTED:**

[signature]
Employee Signature

10-17-25
Date

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**Kris Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CIRCUIT CLERK OF MONONGALIA COUNTY
75 HIGH STREET
SUITE 12
Morgantown, WV 26505-5427

**Control Number:** 362078

**Defendant:** FALCON SERVICES, LLC
PO BOX 4034
MORGANTOWN, WV 26504 US

**Agent:** RYAN LYNCH

**County:** Monongalia

**Civil Action:** CC-31-2026-C-305

**Certified Number:** 92148901125134100004856781

**Service Date:** 8/3/2026

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* ***not to the Secretary of State's office.***

Sincerely,

Kris Warner
Secretary of State

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Jonathan Prince
wes@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following reissue/additional summons was FILED on 8/7/2026 11:45:11 AM

Notice Date: 8/7/2026 11:45:11 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Falcon Services, LLC d/b/a Falcon Consulting & Management
P.O. Box 4034
Morgantown, WV 26504

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following reissue/additional summons was FILED on 8/7/2026 11:45:11 AM

Notice Date: 8/7/2026 11:45:11 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Ryan Lynch
310 Lawless Rd., Suite 130
Morgantown, WV 26501

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following reissue/additional summons was FILED on 8/7/2026 11:45:11 AM

Notice Date: 8/7/2026 11:45:11 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Kendall Makenzie Robey
kendall@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following reissue/additional summons was FILED on 8/7/2026 11:45:11 AM

Notice Date: 8/7/2026 11:45:11 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305
Judge: Cindy Scott

**To:** Samuel Dominick Madia
sam@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following reissue/additional summons was FILED on 8/7/2026 11:45:11 AM

Notice Date: 8/7/2026 11:45:11 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

# SUMMONS

E-FILED | 8/7/2026 11:45 AM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

Service Type: Filer - Private Process Server

NOTICE TO: Falcon Services, LLC d/b/a Falcon Consulting & Management, P.O. Box 4034, Morgantown, WV 26504

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Jonathan Prince, 1056A Maple Drive, , Morgantown, WV 26505

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 8/7/2026 11:45:11 AM | /s/ Donna J. Hidock |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ______________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ______________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

| ______________ | ______________ |
|---|---|
| Date | Server's Signature |

**SUMMONS**

**Case Number:**
CC-31-2026-C-305

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

Service Type: Filer - Private Process Server

NOTICE TO: Falcon Services, LLC d/b/a Falcon Consulting & Management, P.O. Box 4034, Morgantown, WV 26504

Jonathan Prince, 1056A Maple Drive, , Morgantown, WV 26505

SERVICE:

8/7/2026 11:45:11 AM — Date

/s/ Donna J. Hidock — Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ______________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ______________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

______________ Date

______________ Server's Signature

**CC-31-2026-C-305**

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

**SERVICE RETURN**

# SUMMONS

E-FILED | 8/7/2026 11:45 AM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

Service Type: Filer - Private Process Server

NOTICE TO: Ryan Lynch, 310 Lawless Rd., Suite 130, Morgantown, WV 26501

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Jonathan Prince, 1056A Maple Drive, , Morgantown, WV 26505

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

8/7/2026 11:45:11 AM — Date

/s/ Donna J. Hidock — Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ______________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ______________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

______________ Date

______________ Server's Signature

# SUMMONS

**Case Number:**
CC-31-2026-C-305

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

Service Type: Filer - Private Process Server

NOTICE TO: Ryan Lynch, 310 Lawless Rd., Suite 130, Morgantown, WV 26501

Jonathan Prince, 1056A Maple Drive, , Morgantown, WV 26505

SERVICE:

8/7/2026 11:45:11 AM — Date

/s/ Donna J. Hidock — Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ______________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ______________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

______________ Date

______________ Server's Signature

**CC-31-2026-C-305**

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

**SERVICE RETURN**

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Kendall Makenzie Robey
kendall@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following service return was FILED on 8/10/2026 12:00:00 AM

Notice Date: 8/10/2026 10:50:04 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Jonathan Wesley Prince
wes@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following service return was FILED on 8/10/2026 12:00:00 AM

Notice Date: 8/10/2026 10:50:04 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Samuel Dominick Madia
sam@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following service return was FILED on 8/10/2026 12:00:00 AM

Notice Date: 8/10/2026 10:50:04 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

**SUMMONS**

FILED | 8/10/2026 12:00 AM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

Service Type: Sheriff - Including Copy Fee

NOTICE TO: Ryan Lynch, 310 Lawless Rd., Suite 130, Morgantown, WV 26501

380 FRONTIER ST
STAR CITY

Jonathan Prince, 1056A Maple Drive, , Morgantown, WV 26505

SERVICE:

7/31/2026 9:34:53 AM — Date

/s/ Donna J. Hidock — Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ______________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ______________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☒ Not Found in Bailiwick

8-7-26 — Date

R Spangler — Server's Signature

**CC-31-2026-C-305**

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

**SERVICE RETURN**

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Kendall Makenzie Robey
kendall@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following order - case was FILED on 8/13/2026 9:53:51 AM

Notice Date: 8/13/2026 9:53:51 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Jonathan Wesley Prince
wes@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following order - case was FILED on 8/13/2026 9:53:51 AM

Notice Date: 8/13/2026 9:53:51 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Samuel Dominick Madia
sam@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following order - case was FILED on 8/13/2026 9:53:51 AM

Notice Date: 8/13/2026 9:53:51 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Falcon Services, LLC d/b/a Falcon Consulting & Management
P.O. Box 4034
Morgantown, WV 26504

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following order - case was FILED on 8/13/2026 9:53:51 AM

Notice Date: 8/13/2026 9:53:51 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Ryan Lynch
310 Lawless Rd., Suite 130
Morgantown, WV 26501

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following order - case was FILED on 8/13/2026 9:53:51 AM

Notice Date: 8/13/2026 9:53:51 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

/s/ CSScott
Circuit Court Judge
Ref. Code: 26F37MO3X

E-FILED | 8/13/2026 9:53 AM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

**In the Circuit Court of Monongalia County, West Virginia**

**Montgomery Tuckwiller,**
Plaintiff,

v.

Case No. CC-31-2026-C-305
Judge Cindy Scott

**Falcon Services, LLC d/b/a Falcon Consulting & Management,**
**Ryan Lynch,**
Defendants

**PRELIMINARY SCHEDULING ORDER**

On the 31st day of July, 2026, Plaintiff filed the Complaint in this instant matter in the Circuit Court of Monongalia County, West Virginia and this instant case was thereafter assigned to Judge Cindy S. Scott. Upon review, and pursuant to the West Virginia Rules of Civil Procedure, the following preliminary schedule is **ORDERED**:

1. Pursuant to Rule 26(f) of the West Virginia Rules of Civil Procedure, but except in proceedings exempt from initial disclosures under Rule 26(a)(1)(B), parties shall confer as soon as practicable, but at least 30 days after filing of a responsive pleading or motion under Rule 12.
2. Within fourteen (14) days following the conference, the parties shall submit to the Court, in writing, the Discovery Plan Report, which shall include the information required under Rule 26(f)(3)(A)-(F).
3. To ensure the Court receives timely notice of the Discovery Plan Report, parties shall file a "Letter to Judge" with said Report attached as a "Supporting Document."
4. If the Discovery Plan Report includes agreed scheduling deadlines for the Court's consideration, parties shall include agreed proposed dates for the following:
    a. Limit the time to join other parties;

b. Limit the time to amend the pleadings;

c. Time for parties to disclose expert witnesses;

d. Time for parties to disclose rebuttal expert witnesses;

e. Time for medical examinations and/or inspections to be completed by;

f. Time for discovery to be completed;

g. Time to complete Rule 26(a)(3) pre-trial disclosures;

h. Time to file objections to an opposing party's pre-trial disclosure;

i. Time to file all pre-trial motions, including, but not limited to, motions to dismiss, motions for summary judgment; and motions in limine.

5. Parties are hereby notified if no agreed scheduling dates are provided in the Discovery Planning Report for the Court's consideration, the Court will enter a Scheduling Order with pre-determined deadlines for the trial term one year from which this matter was commenced.

6. If, after reviewing the Scheduling Order, parties and/or counsel believe changes to the dates are necessary, parties shall contact the Court to schedule a Telephonic Scheduling Conference in consideration of an Amended Scheduling Order.

**The Court ORDERS that the Plaintiff and/or their counsel provide a copy of this Order to any party having been served with the complaint and/or any Defendant having appeared following entry of this Order.**

The Court directs the Clerk to provide a copy of this Order to the Plaintiff pursuant to West Virginia e-filing procedure.

**/s/ CSScott**
Circuit Court Judge
21st Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Kendall Makenzie Robey
kendall@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following order - case was FILED on 8/18/2026 9:45:22 AM

Notice Date: 8/18/2026 9:45:22 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Jonathan Wesley Prince
wes@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following order - case was FILED on 8/18/2026 9:45:22 AM

Notice Date: 8/18/2026 9:45:22 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Samuel Dominick Madia
sam@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following order - case was FILED on 8/18/2026 9:45:22 AM

Notice Date: 8/18/2026 9:45:22 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Falcon Services, LLC d/b/a Falcon Consulting & Management
P.O. Box 4034
Morgantown, WV 26504

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following order - case was FILED on 8/18/2026 9:45:22 AM

Notice Date: 8/18/2026 9:45:22 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Cindy Scott

**To:** Ryan Lynch
310 Lawless Rd., Suite 130
Morgantown, WV 26501

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following order - case was FILED on 8/18/2026 9:45:22 AM

Notice Date: 8/18/2026 9:45:22 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

/s/ CSScott
Circuit Court Judge
Ref. Code: 2692Q557X

E-FILED | 8/18/2026 9:45 AM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

**In the Circuit Court of Monongalia County, West Virginia**

**Montgomery Tuckwiller,**
Plaintiff,

v.

Case No. CC-31-2026-C-305
Judge Cindy Scott

**Falcon Services, LLC d/b/a Falcon Consulting & Management,**
**Ryan Lynch,**
Defendants

## ORDER TRANSFERRING CASE TO DIVISION NO. 1

On or about July 31, 2026, the above-referenced matter was filed and assigned to the Honorable Cindy S. Scott. Review of the Complaint herein, indicates that there is a companion matter currently pending before the Honorable Michael D. Simms. On or about August 14, 2026, counsel in that companion matter filed a Motion to Transfer stating that it is in the interest of judicial economy that the above-referenced matter shall be reassigned to the Honorable Michael D. Simms for resolution

Accordingly, the Clerk of this Court is hereby ORDERED to transfer the above-referenced matter to the docket for the Honorable Michael D. Simms for all further action herein.

A copy of this Order shall be provided by the Clerk of the Circuit Court of Monongalia County, to the parties or their counsel and to the Honorable Michael D. Simms.

***/s/ CSScott***
Circuit Court Judge
21st Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Michael D. Simms

**To:** Kendall Makenzie Robey
kendall@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

This notice of judge reassignment was FILED on 8/18/2026 10:31:02 AM

Notice Date: 8/18/2026 10:31:02 AM

Original Judge: Cindy Scott
New Judge: Michael D. Simms

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Michael D. Simms

**To:** Jonathan Wesley Prince
wes@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

This notice of judge reassignment was FILED on 8/18/2026 10:31:02 AM

Notice Date: 8/18/2026 10:31:02 AM

Original Judge: Cindy Scott
New Judge: Michael D. Simms

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Michael D. Simms

**To:** Samuel Dominick Madia
sam@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

This notice of judge reassignment was FILED on 8/18/2026 10:31:02 AM

Notice Date: 8/18/2026 10:31:02 AM

Original Judge: Cindy Scott
New Judge: Michael D. Simms

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Michael D. Simms

**To:** Falcon Services, LLC d/b/a Falcon Consulting & Management
P.O. Box 4034
Morgantown, WV 26504

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

This notice of judge reassignment was FILED on 8/18/2026 10:31:02 AM

Notice Date: 8/18/2026 10:31:02 AM

Original Judge: Cindy Scott
New Judge: Michael D. Simms

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Michael D. Simms

**To:** Ryan Lynch
310 Lawless Rd., Suite 130
Morgantown, WV 26501

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

This notice of judge reassignment was FILED on 8/18/2026 10:31:02 AM

Notice Date: 8/18/2026 10:31:02 AM

Original Judge: Cindy Scott
New Judge: Michael D. Simms

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Michael D. Simms

**To:** Jonathan Prince
wes@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following reissue/additional summons was FILED on 8/18/2026 10:49:22 AM

Notice Date: 8/18/2026 10:49:22 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Michael D. Simms

**To:** Falcon Services, LLC d/b/a Falcon Consulting & Management
P.O. Box 4034
Morgantown, WV 26504

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following reissue/additional summons was FILED on 8/18/2026 10:49:22 AM

Notice Date: 8/18/2026 10:49:22 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Michael D. Simms

**To:** Ryan Lynch
378 Jacobs Dr
Morgantown, WV 26508

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following reissue/additional summons was FILED on 8/18/2026 10:49:22 AM

Notice Date: 8/18/2026 10:49:22 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Michael D. Simms

**To:** Kendall Makenzie Robey
kendall@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following reissue/additional summons was FILED on 8/18/2026 10:49:22 AM

Notice Date: 8/18/2026 10:49:22 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Michael D. Simms

**To:** Samuel Dominick Madia
sam@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following reissue/additional summons was FILED on 8/18/2026 10:49:22 AM

Notice Date: 8/18/2026 10:49:22 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

# SUMMONS

E-FILED | 8/18/2026 10:49 AM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

Service Type: Sheriff - Including Copy Fee

NOTICE TO: Ryan Lynch, 378 Jacobs Dr, Morgantown, WV 26508

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Jonathan Prince, 1056A Maple Drive, , Morgantown, WV 26505

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

8/18/2026 10:49:22 AM — Date

/s/ Donna J. Hidock — Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ____________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ____________________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

____________________ Date

____________________ Server's Signature

# SUMMONS

**Case Number:**
CC-31-2026-C-305

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

Service Type: Sheriff - Including Copy Fee

NOTICE TO: Ryan Lynch, 378 Jacobs Dr, Morgantown, WV 26508

Jonathan Prince, 1056A Maple Drive, , Morgantown, WV 26505

SERVICE:

8/18/2026 10:49:22 AM — Date

/s/ Donna J. Hidock — Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ______________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ______________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

______________ Date

______________ Server's Signature

**CC-31-2026-C-305**

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

**SERVICE RETURN**

# COVER SHEET

E-FILED | 8/18/2026 10:49 AM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF MONONGALIA COUNTY WEST VIRGINIA

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**Judge:** Cindy Scott

## COMPLAINT INFORMATION

**Case Type:** Civil

**Complaint Type:** Tort

**Origin:** ☑ Initial Filing ☐ Appeal from Municipal Court ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No

**Case will be ready for trial by:** 11/8/2027

**Mediation Requested:** ☑ Yes ☐ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other:

☐ I am proceeding without an attorney

☑ I have an attorney: Jonathan Prince, 1056A Maple Drive , Morgantown, WV 26505

E-FILED | 8/18/2026 10:49 AM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

**IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA**

**MONTGOMERY TUCKWILLER,**

**PLAINTIFF,**

**v.** **CIVIL ACTION NO.**
**JUDGE ____________________**

**FALCON SERVICES, LLC d/b/a**
**Falcon Consulting & Management, and**
**RYAN LYNCH, individually,**
**and as an officer of Falcon Services, LLC**

**DEFENDANTS.**

## COMPLAINT

Plaintiff, Montgomery Tuckwiller, by counsel, files this Complaint against Defendants Falcon Service, LLC, and Ryan Lynch, individually, and as an officer of Falcon Service, LLC, for violations of the West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-1, *et seq.* (hereinafter "WPCA"). In support of his Complaint, Plaintiff states as follows:

### Parties

1. Plaintiff Montgomery Tuckwiller is a citizen and resident of West Virginia.

2. Defendant Falcon Services, LLC d/b/a Falcon Consulting & Management (hereinafter "Falcon") is a West Virginia limited liability company with a mailing address of P.O Box 4034, Morgantown, West Virginia 26504 and principal office address of 310 Lawless Rd., STE 130 Morgantown, West Virginia 26501. Falcon does business in Monongalia County, West Virginia through its project management and related services to affiliated real estate holding companies.

3. Defendant Ryan Lynch (hereinafter "Lynch") has attempted to conceal his residency from employees of Falcon, including Plaintiff. On the West Virginia Secretary of State's website, Lynch is identified as being a member of numerous limited liability companies, including but not limited to Falcon, WestRidge Management, LLC, and Toro Equities, LLC. As a member of various limited liability companies, Lynch has represented his address as follows:

(A) P.O. Box 4034, Morgantown, West Virginia 26504;
(B) P.O. Box 4613 Morgantown, West Virginia 26504;
(C) 460 Mylan Park Lane Morgantown, West Virginia 26504;
(D) 405 Lakeview Drive Morgantown, West Virginia 26508;
(E) 460 Mylan Park Lane Morgantown, West Virginia 26501;
(F) P.O. Box 4544 Morgantown, West Virginia 26504; and
(G) 6400 E. Grant Rd. Suite 350 Tucson, Arizona, 85730.

4. Upon information and belief, Lynch may reside at an unknown location in South Carolina.

5. Lynch is a member and the President of Falcon. During the period of time in which Falcon failed to pay Plaintiff his wages and/or fringe benefits, Lynch was an officer in the management of Falcon who knowingly permitted Falcon to violate the WPCA by failing to pay Plaintiff his wages and/or fringe benefits.

**Jurisdiction and Venue**

6. The amount of Plaintiff's damages exceeds the jurisdictional limits for claims filed in the Magistrate Court of Monongalia County, West Virginia

7. Venue is proper in the Circuit Court of Monongalia County pursuant to the provisions of W. Va. Code § 56-1-1 because Falcon's principal place of business is located in Monongalia County, West Virginia; because Falcon and Lynch do business in Monongalia County, West Virginia; and because Falcon and Lynch's breach of the employment agreement with Plaintiff occurred in Monongalia County, West Virginia.

**Factual Allegations**

8. On or about September 15, 2016, Plaintiff received an offer of employment from Falcon for the position of Engineer which Plaintiff accepted.

9. Pursuant to the September 15, 2016, offer letter, Falcon agreed to pay Plaintiff an annual salary of $110,000.00.

10. Pursuant to the September 15, 2016, offer letter, Falcon agreed to pay Plaintiff on a bi-monthly basis.

11. Further, pursuant to the September 15, 2016, offer letter, Falcon agreed to reimburse Plaintiff for $10,000.00 of student loan debt.

12. **Further, a term and condition of Plaintiff's employment with Falcon upon his hiring** was a Falcon funded **safe harbor contribution into Plaintiff's 401(k) at the rate of 6% of Plaintiff's** salary which was immediately and fully vested.

13. Thereafter, on or about March 4, 2024, Falcon, by and through its Member and President, Lynch, sent Plaintiff a revised offer of employment with Falcon for the position of Project Engineer. *See* Exhibit 1.

14. On March 7, 2024, Plaintiff agreed to the terms and conditions of the revised offer letter. *Id.*

15. Pursuant to the March 4, 2024, offer letter, Falcon, by and through its Member and President, Lynch, agreed to pay Plaintiff an annual salary of $135,000.00. *Id.*

16. Further, pursuant to the March 4, 2024, offer letter, Falcon, by and through its **Member and President, Lynch, agreed to increase Plaintiff's salary by 3% (i.e., cost of living** increase) beginning October 2024. *Id.* **Thus, beginning in October 2024 Plaintiff's salary should** have increased to $139,050.00. *Id.*

17. Further, pursuant to the March 4, 2024, offer letter, Falcon, by and through its Member and President, Lynch, agreed to either provide Plaintiff with a company vehicle for work related purposes and needs or pay Plaintiff $15,000.00 annually as a vehicle allowance. *Id.*

18. Further, pursuant to the March 4, 2024, offer letter, Falcon, by and through its Member and President, Lynch, agreed that Plaintiff shall remain eligible to participate in the comprehensive benefits package. *Id.*

19. Moreover, pursuant to the March 4, 2024, offer letter, Falcon, by and through its Member and President, Lynch, agreed to pay Plaintiff a bonus of $15,000.00 within fifteen (15) days of Plaintiff agreeing to the terms of the March 4, 2024, offer letter. *Id.*

20. Plaintiff performed his duties under the March 4, 2024, offer of employment letter.

21. Thereafter, on or about July 1, 2025, Plaintiff received a promotion to Project Manager wherein Falcon, by and through its Member and President, Lynch, agreed to *inter alia* pay Plaintiff an annual salary of $150,000.00, with a $15,000.00 annual vehicle allowance, and a $50,000.00 retention bonus to be paid in five (5) $10,000.00 monthly installments beginning in November 2025. *See* Exhibit 2.

22. Plaintiff performed his duties under the July 1, 2025, offer of employment letter.

23. At all relevant times, Plaintiff performed his duties in a competent, capable, loyal, and satisfactory manner.

24. At all relevant times, Plaintiff fulfilled all his contractual obligations under all his offer of employment letters and employment agreements with Falcon provided by and through its Member and President, Lynch.

**Non-Payments & Late Payments of Wages**

25. On or around May 2024, Falcon, by and through its Member and President, Lynch, began to pay Plaintiff's wages in an untimely manner.

26. For example, Plaintiff's wages that were due to be paid on February 29, 2024, were untimely paid on March 1, 2024.

27. Plaintiff's wages that were due to be paid on March 31, 2024 were untimely paid on April 1, 2024.

28. Plaintiff's wages that were due to be paid on April 15, 2024 were untimely paid on April 18, 2024.

29. Plaintiff's wages that were due to be paid on May 15, 2024 were untimely paid on May 22, 2024.

30. Plaintiff's wages that were due to be paid on May 31, 2024 were untimely paid on June 4, 2024.

31. Plaintiff's wages that were due to be paid on June 30, 2024 were untimely paid on July 10, 2024.

32. On October 1, 2024, Plaintiff's salary should have increased to $139,050.00 reflecting a 3% cost of living adjustment as contracted for and agreed to between the parties and as set forth in the March 4, 2024, offer letter. *See* Exhibit 1.

33. On October 1, 2024, Falcon, by and through its Member and President, Lynch, failed to increase Plaintiff's salary to $139,050.00 reflecting a 3% cost of living adjustment as contracted for and agreed to between the parties and as set forth in the March 4, 2024, offer letter. *Id.*

34. Plaintiff's wages that were due to be paid on October 15, 2024, were not paid in their entirety.

35. Plaintiff's wages that were due to be paid on October 31, 2024, were not paid in their entirety.

36. Plaintiff's wages that were due to be paid on November 15, 2024 were, in part, not paid in their entirety, and untimely paid on November 27, 2024.

37. Plaintiff's wages that were due to be paid on November 30, 2024 were, in part, not paid in their entirety, and untimely paid on December 10, 2024.

38. Plaintiff's wages that were due to be paid on December 15, 2024 were, in part, not paid in their entirety, and untimely paid on March 3, 2025.

39. Plaintiff's wages that were due to be paid on December 31, 2024 were, in part, not paid in their entirety, and untimely paid on February 14, 2025.

40. Plaintiff's wages that were due to be paid on January 15, 2025 were, in part, not paid in their entirety, and were untimely paid on April 1, 2025.

41. Plaintiff's wages that were due to be paid on January 31, 2025 were, in part, not paid in their entirety, and were untimely paid on May 5, 2025.

42. Plaintiff's wages that were due to be paid on February 15, 2025 were, in part, not paid in their entirety, and were untimely paid on May 15, 2025.

43. Plaintiff's wages that were due to be paid on March 15, 2025 were, in part, not paid in their entirety, and were untimely paid on May 23, 2025.

44. Plaintiff's wages that were due to be paid on February 28, 2025 were, in part, not paid in their entirety, and untimely paid on May 29, 2025.

45. Plaintiff's wages that were due to be paid on March 31, 2025 were, in part, not paid in their entirety, and untimely paid on May 29, 2025.

46. Plaintiff's wages that were due to be paid on May 31, 2025 were, not paid in their entirety.

47. Plaintiff's wages that were due to be paid on May 15, 2025 were, in part, not paid in their entirety, and untimely paid on May 30, 2025.

48. Plaintiff's wages that were due to be paid on April 30, 2025 were, in part, not paid in their entirety, and untimely paid on May 30, 2025.

49. Plaintiff's wages that were due to be paid on April 15, 2025 were, in part, not paid in their entirety, and untimely paid on May 30, 2025.

50. Plaintiff's wages that were due to be paid on June 15, 2025 were not paid in their entirety.

51. Plaintiff's wages that were due to be paid on June 30, 2025 were not paid in their entirety.

52. On July 1, 2025, Plaintiff's salary should have increased to $150,000.00 reflecting a promotion to the position of Project Manager as contracted for and agreed to between the parties and as set forth in the July 1, 2025, letter of revised employment terms. *See* Exhibit 2.

53. On July 1, 2025, Falcon, by and through its Member and President, Lynch, failed to increase Plaintiff's salary to $150,000.00 as contracted for and agreed to between the parties and as set forth in the July 1, 2025, letter of revised employment terms. *Id.*

54. Plaintiff's wages that were due to be paid on July 15, 2025 were not paid in their entirety.

55. Plaintiff's wages that were due to be paid on July 31, 2025 were not paid in their entirety.

56. Plaintiff's wages that were due to be paid on August 15, 2025 were not paid in their entirety.

57. Plaintiff's wages that were due to be paid on August 31, 2025 were, in part, not paid in their entirety, and untimely paid on September 4, 2025.

58. Plaintiff's wages that were due to be paid on September 15, 2025 were not paid in their entirety.

59. Plaintiff's wages that were due to be paid on September 30, 2025 were, in part, not paid in their entirety, and untimely paid on October 2, 2025.

60. Plaintiff's wages that were due to be paid on October 15, 2025 were, in part, not paid in their entirety, and untimely paid on October 16, 2025.

61. Plaintiff's wages that were due to be paid on October 31, 2025 were, in part, not paid in their entirety, and untimely paid on November 10, 2025.

62. Plaintiff's wages that were due to be paid on November 15, 2025 were, in part, not paid in their entirety, and untimely paid on December 31, 2025.

63. Plaintiff's wages and fringe benefits that were due to be paid on November 30, 2025, have not been paid.

64. Plaintiff's wages and fringe benefits that were due to be paid on December 15, 2025, have not been paid.

65. Plaintiff's wages and fringe benefits that were due to be paid on December 31, 2025, have not been paid.

66. Plaintiff's wages and fringe benefits that were due to be paid on January 15, 2026, have not been paid.

**Failure to Remit Employee 401(k) Withholdings**

67. In addition to his unpaid wages and the untimely paid wages, Falcon, by and through its Member and President, Lynch, upon information and belief failed to remit withholdings from Plaintiff's salary to Plaintiff's 401(k) from January 1, 2025, to the end of Plaintiff's employment with Falcon.

68. Specifically, Falcon, by and through its Member and President, Lynch, withheld but failed to remit to Plaintiff's 401(k) a total of approximately $3,600.00 beginning with Plaintiff's paycheck due on December 31, 2024, until the end of Plaintiff's employment with Falcon.

**Failure to Provide Employer 401(k) Safe Harbor Contribution**

69. In addition to his unpaid wages, his untimely paid wages, and Falcon's failure to remit Plaintiff's 401(k) withholdings, Falcon, by and through its Member and President, Lynch failed to the fund the safe harbor contribution into Plaintiff's 401(k) at the rate of 6% of Plaintiff's salary from January 1, 2024, to the end of Plaintiff's employment with Falcon depriving Plaintiff of $16,832.25.

**Failure to Remit Withheld Federal Income Taxes and Social Security Contributions**

70. Further, upon information and belief and in a continuing pattern of illegal and nefarious conduct, Falcon, by and through its member and President, Lynch, withheld Federal Income Taxes and Social Security contributions from Plaintiff's wages but failed to remit those withholding to the Federal Government.

**Extraneous and Unnecessary Expenses**

71. While failing to timely and fully pay Plaintiff and Plaintiff's co-workers wages, Falcon, by and through its member and President, Lynch, employed a personal chef – Mr. Jason LaMine – for the benefit of Lynch.

72. Further, while failing to timely and fully pay Plaintiff and Plaintiff's co-workers wages, Falcon, by and through its member and President, Lynch, employed a housekeeper – Ms. Erzsebet Ruiz – for the benefit of Lynch.

73. Mr. LaMine and Ms. Ruiz performed their personal services for the benefit of Lynch in South Carolina.

74. While failing to timely and fully pay Plaintiff and Plaintiff's co-workers wages, Falcon, by and through its member and President, Lynch, at times chose to pay Ms. Ruiz her wages while failing and/or choosing not to pay Plaintiff and Plaintiff's co-workers their wages.

**Extreme Annoyance and Inconvenience**

75. Moreover, in addition to the above instances of illegal and nefarious conduct, throughout Plaintiff's employment with Falcon; Falcon, by and through its member and President, Lynch, failed to pay the premiums for Plaintiff's health insurance, dental insurance, vision insurance, life insurance, accidental death and dismemberment insurance, and long-term disability insurance which caused said insurance to be cancelled at least three (3) times without a warning from Lynch or Falcon.

76. The routine failure of Falcon, by and through its member and President, Lynch to pay the premiums for Plaintiff's insurances caused significant stress, annoyance, and inconvenience to Plaintiff.

77. Specifically, Plaintiff is an insulin dependent diabetic and the sporadic cancelling of Plaintiff's health insurance during his employment with Falcon, without reason or explanation by Falcon or Lynch, caused Plaintiff to drastically alter his lifestyle for fear of having to unnecessarily personally incur medical expenses.

78. Moreover, Falcon and Lynch's routine and common failures to comply with the WPCA caused Plaintiff to forever lose opportunities with his family resulting in Plaintiff suffering extreme annoyance and inconvenience.

**Plaintiff's Resignation**

79. On or about December 26, 2025, Plaintiff submitted his letter of resignation from and to Falcon, effective January 2, 2026.

80. A reason for Plaintiff's resignation from Falcon was *inter alia* Falcon, by and through its member Lynch as set forth herein, routine and commonplace failures to comply with the WPCA.

81. The next regular payday following Plaintiff's separation of employment was January 15, 2026.

82. Falcon, by and through its member and President, Lynch, failed to pay Plaintiff all wages and fringe benefits on or before January 15, 2026.

83. As a direct and proximate result of the actions, omissions, and conduct described above Plaintiff is owed wages, fringe benefits, he has been damaged, and he has suffered great aggravation, annoyance, and inconvenience.

**Affiliated Company Cashflow**

84. As set forth *supra*, Lynch is a member of various limited liability companies.

85. Further, Lynch is the President of West Ridge, Inc.

86. West Ridge, Inc. and Falcon are affiliated entities because both companies are either owned or directed by Lynch.

87. On or about August 18, 2025, West Ridge, Inc., WestRidge Land Holdings, LLC, WestRidge Commons 4A1, LLC, WestRidge Commerce Centre Development 2E, LLC, WestRidge Corporate Park Investments LLC, WestRidge Commons Development LLC, and WestRidge Corporate Park 3 LLC (hereinafter, "WestRidge Entities") filed for Chapter 11 bankruptcy.

88. Falcon is identified as an unsecured creditor to West Ridge, Inc. in West Ridge, Inc.'s bankruptcy petition.

89. According to West Ridge, Inc.'s bankruptcy petition, West Ridge, Inc. owed/owes Falcon $1,928,640.00.

90. The bankruptcy petitions of the WestRidge Entities are being jointly administered.

91. As of today, during their bankruptcy case the WestRidge Entities have incurred approximately $6,500,000.00 in attorney fees.

92. Therefore, because affiliated companies owned/controlled by Lynch have the funds to pay an egregious amount of attorney fees, among other fees being paid during the bankruptcy proceeding, there is no excuse for Falcon and Lynch to have not paid Plaintiff and Plaintiff's co-workers their wages and fringe benefits.

**COUNT I**
**Violations of the WPCA – Defendant Falcon Services, LLC**

93. Plaintiff incorporates every allegation in each of the previous paragraphs of this *Complaint* as if restated herein.

94. Falcon is an "employer" as that term is defined under W. Va. Code § 21-5-1(m).

95. Plaintiff is an "employee" of Falcon as that term is defined under W. Va. Code § 21-5-1(b).

96. Falcon was statutorily required to timely pay Plaintiff his wages on a semi-monthly basis – and more specifically on the 15th and last business day of each month – in accordance with the law and the offer of employment letters.

97. Falcon failed to timely pay Plaintiff his earned wages on a semi-monthly basis – and more specifically on the 15th and last business day of each month – in accordance with in accordance with the law and the offer of employment letters.

98. Falcon violated W. Va. Code § 21-5-3 by failing to timely pay Plaintiff all wages earned on a semi-monthly basis – and more specifically on the 15th and last business day of each month – in accordance with in accordance with the law and the offer of employment letters.

99. Falcon was statutorily required to timely remit a portion of Plaintiff's annual salary, or the sum of $3,600.00, as an employee contribution to Plaintiff's 401(k) plan as set forth above and in accordance with the law and Plaintiff's employment.

100. Falcon failed to timely remit a portion of Plaintiff's annual salary, or the sum of $3,600.00, as an employee contribution to Plaintiff's 401(k) plan in accordance with the law and Plaintiff's employment.

101. Falcon violated W. Va. Code § 21-5-3 by failing remit a portion of Plaintiff's annual salary, or the sum of $3,600.00, as an employee contribution to Plaintiff's 401(k) plan in accordance with the law and Plaintiff's employment.

102. Falcon was statutorily required to timely remit 6% of Plaintiff's salary, or the sum $16,832.25, as an employer safe harbor contribution to Plaintiff's 401(k) as set forth above and in accordance with the law and Plaintiff's employment.

103. Falcon failed to timely remit 6% of Plaintiff's annual salary, or the sum of $16,832.25, as an employer safe harbor contribution to Plaintiff's 401(k) plan in accordance with the law and Plaintiff's employment.

104. Falcon violated W. Va. Code § 21-5-3 by failing remit 6% of Plaintiff's annual salary, or the sum of $16,832.25, as an employer safe harbor contribution to Plaintiff's 401(k) plan in accordance with the law and Plaintiff's employment.

105. Plaintiff separated from his employment with Falcon on or about January 2, 2026 due to his unpaid wages and fringe benefits.

106. Falcon was statutorily required to pay Plaintiff all wages due on or before the next regular payday following Plaintiff's separation of employment with Falcon.

107. Falcon failed to pay Plaintiff all wages due on or before the next regular payday following Plaintiff's separation of employment with Falcon.

108. Falcon violated W. Va. Code § 21-5-4 by failing to pay Plaintiff all wages due on or before the next regular payday following Plaintiff's separation of employment with Falcon.

109. Falcon was statutorily required to pay Plaintiff all fringe benefits due on or before the next regular payday following Plaintiff's separation of employment with Falcon.

110. Falcon failed to pay Plaintiff all fringe benefits due on or before the next regular payday following Plaintiff's separation of employment with Falcon.

111. Falcon violated W. Va. Code § 21-5-4 by failing to pay Plaintiff all fringe benefits due on or before the next regular payday following Plaintiff's separation of employment with Falcon.

112. Further, pursuant to W. Va. Code § 21-5-4a, upon Plaintiff's separation from employment with Falcon or the issuance of Plaintiff's final paycheck, Falcon was statutorily

required to notify Plaintiff in writing the identity of Falcon's authorized representative and where to send a written demand by both e-mail and regular mail.

113. Falcon violated W. Va. Code § 21-5-4a by failing to notify Plaintiff in writing upon his separation from employment with Falcon or the issuance of Plaintiff's final paycheck the identify of Falcon's authorized representative and where to send a written demand by both e-mail and regular mail.

114. As a result of Falcon's violation of W. Va. Code 21-5-4a, Plaintiff is not required to comply with the safe harbor provisions of the WPCA and, as a result, is entitled to seek liquidated damages and attorneys' fees from Falcon without first making a written demand.

115. As a direct and proximate result of the actions, omissions, and conduct described above, Plaintiff is owed wages and fringe benefits, he has been damaged, and he has suffered great aggravation, annoyance, and inconvenience.

**COUNT II**
**Personal Liability for Violations of the WPCA – Defendant Ryan Lynch**

116. Plaintiff incorporates every allegation in each of the previous paragraphs of this *Complaint* as if restated herein.

117. Further, pursuant to Rule 10(c) of the West Virginia Rules of Civil Procedure, Plaintiff incorporates by reference herein all allegations set forth in Count II of the *Complaint* in *Mastrone v. Falcon Services, LLC, et al.* (CC-31-2025-C-129).

118. At all relevant times herein, Lynch was an officer of Falcon as that term is defined under W. Va. Code § 21-5-1(h).

119. Lynch held the position of President of Falcon during the period of time in which Plaintiff was not paid his wages of fringe benefits as alleged *supra*.

120. Lynch was an officer in the management of Falcon who knowingly permitted Falcon to violate the WPCA by failing to pay Plaintiff his earned wages and fringe benefits.

121. Upon information and belief, Lynch hired Corey Slider for the position of Controller, to which employees of Falcon, would direct communications regarding payroll, tax concerns, 401(k) questions, and employer-paid health insurance premiums.

122. On May 15, 2025, Lynch, as the President and Member of Falcon, held an All Hands meeting during which he acknowledged Falcon's significant difficulty meeting its payroll obligations but promised that by May 24, 2025 all unpaid payroll would be caught up.

123. Lynch's promise that by May 24, 2025, Falcon's unpaid payroll would be caught up did not occur.

124. On May 23, 2025, Lynch, as the President and Member of Falcon, held an All Hands meeting during which he acknowledged Falcon's significant difficulty meeting its payroll obligations but promised that by May 28, 2025 all unpaid payroll would be caught up.

125. Lynch's promise that by May 28, 2025, Falcon's unpaid payroll would be caught up did not occur.

126. On June 6, 2025, Lynch, as the President and Member of Falcon, held an All Hands meeting during which he acknowledged Falcon's significant difficulty meeting its payroll obligations and set forth an expectation that payroll would be paid on time going forward and acknowledged that Falcon had cash on hand to meet its payroll obligations for several months.

127. Further, during the June 6, 2025, All Hands meeting Lynch, as the President and Member of Falcon, set forth an expectation that once funding was secured from RMWC, a commercial real estate lending company, that Falcon would have enough cash on hand to meet its payroll obligations for years to come.

128. Moreover, during the June 6, 2025, All Hands meeting Lynch, as the President and Member of Falcon, acknowledged that Falcon had failed to timely remit employees' tax and social security obligations to the Federal Government.

129. On November 20, 2025, Lynch, as the President and Member of Falcon, held an All Hands meeting during which he acknowledged Falcon's failure to meet its payroll obligations

and that Schneider Downs & Co., Inc. would be assuming responsibility for administering Falcon's payroll by the first week of December 2025.

130. As an officer of Falcon, Lynch had a duty to see that Falcon complied with the law as it relates to the payment of Plaintiff's wages under the WPCA.

131. Lynch knew that Falcon failed to pay Plaintiff pursuant to his employment agreement.

132. Lynch knew that Falcon failed to pay Plaintiff his earned wages on a semi-monthly basis.

133. Lynch knew that Falcon withheld but failed to remit monies into Plaintiff's 401(k) retirement account pursuant during his employment with Falcon.

134. Lynch knew that Falcon failed to contribute the employer safe harbor contribution to Plaintiff 401(k) retirement account pursuant to his employment with Falcon.

135. Lynch knew that Plaintiff was not paid all wages earned by the next regular payday following Plaintiff's separation of employment with Falcon.

136. Lynch knowingly permitted Falcon to evade its responsibility to pay Plaintiff his earned wages.

137. Lynch knowingly permitted Falcon to violate the provisions of the WPCA.

138. Lynch is personally liable for Plaintiff's unpaid wages, liquidated damages, interest, costs, and attorney's fees under the WPCA.

139. As a direct and proximate result of the actions, omissions, and conduct described above, Plaintiff is owed wages and fringe benefits, he has been damaged, and he has suffered great aggravation, annoyance, and inconvenience.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally for the following damages:

A. Unpaid wages totaling $27,829.17 delineated as follows:

i. $168.75 for the pay period encompassing October 1, 2024, through October 15, 2024, with interest from October 15, 2024;

ii. $168.75 for the pay period encompassing October 16, 2024, through October 31, 2024, with interest from October 31, 2024;

iii. $168.75 for the pay period encompassing November 1, 2024, through November 15, 2024, with interest from November 15, 2024;

iv. $168.75 for the pay period encompassing November 16, 2024, through November 30, 2024, with interest from November 30, 2024;

v. $168.75 for the pay period encompassing December 1, 2024, through December 15, 2024, with interest from December 15, 2024;

vi. $168.75 for the pay period encompassing December 16, 2024, through December 31, 2024, with interest from December 31, 2024;

vii. $168.75 for the pay period encompassing January 1, 2025, through January 15, 2025, with interest from January 15, 2025;

viii. $168.75 for the pay period encompassing January 16, 2025, through January 31, 2025, with interest from January 31, 2025;

ix. $168.75 for the pay period encompassing February 1, 2025, through February 15, 2025, with interest from February 15, 2025;

x. $168.75 for the pay period encompassing February 16, 2025, through February 28, 2025, with interest from February 28, 2025;

xi. $168.75 for the pay period encompassing March 1, 2025, through March 15, 2025, with interest from March 15, 2025;

xii. $168.75 for the pay period encompassing March 16, 2025, through March 31, 2025, with interest from March 31, 2025;

xiii. $168.75 for the pay period encompassing April 1, 2025, through April 15, 2025, with interest from April 15, 2025;

xiv. $168.75 for the pay period encompassing April 16, 2025, through April 30, 2025, with interest from April 30, 2025;

xv. $168.75 for the pay period encompassing May 1, 2025, through May 15, 2025, with interest from May 15, 2025;

xvi. $168.75 for the pay period encompassing May 16, 2025, through May 31, 2025, with interest from May 31, 2025;

xvii. $168.75 for the pay period encompassing June 1, 2025, through June 15, 2025, with interest from June 15, 2025;

xviii. $168.75 for the pay period encompassing June 16, 2025, through June 30, 2025, with interest from June 30, 2025;

xix. $625.00 for the pay period encompassing July 1, 2025, through July 15, 2025, with interest from July 15, 2025;

xx. $625.00 for the pay period encompassing July 16, 2025, through July 31, 2025, with interest from July 31, 2025;

xxi. $625.00 for the pay period encompassing August 1, 2025, through August 15, 2025, with interest from August 15, 2025;

xxii. $625.00 for the pay period encompassing August 16, 2025, through August 31, 2025, with interest from August 31, 2025;

xxiii. $625.00 for the pay period encompassing September 1, 2025, through September 15, 2025, with interest from September 15, 2025;

xxiv. $625.00 for the pay period encompassing September 16, 2025, through September 30, 2025, with interest from September 30, 2025;

xxv. $625.00 for the pay period encompassing October 1, 2025, through October 15, 2025, with interest from October 15, 2025;

xxvi. $625.00 for the pay period encompassing October 16, 2025, through October 31, 2025, with interest from October 31, 2025;

xxvii. $625.00 for the pay period encompassing November 1, 2025, through November 15, 2025, with interest from November 15, 2025;

xxviii. $6,250.00 for the pay period encompassing November 16, 2025 through November 30, 2025 with interest from November 30, 2025;

xxix. $6,250.00 for the pay period encompassing December 1, 2025 through December 15, 2025 with interest from December 15, 2025;

xxx. $6,250.00 for the pay period encompassing December 16, 2025 through December 31, 2025 with interest from December 31, 2025; and

xxxi. $416.67 for the pay period encompassing January 1, 2026 through January 15, 2026 with interest from January 2, 2026.

B. An unpaid $50,000.00 bonus;

C. Withheld but unpaid employee contributions to Plaintiff's 401(k), totaling $3,600.00 (excluding interest);

D. Unpaid employer safe harbor contributions to Plaintiff's 401(k) totaling $16,650.00 (excluding interest);

E. Liquidated damages in the amount $473,187.66 which is two times compensatory damages as provided in W. Va. Code § 21-5-4(e), and more specifically including, but not limited to, the following:

a. $55,658.34 for unpaid wages with interest;

b. $100,000.00 for unpaid bonus with interest;

c. $277,029.32 for untimely wages with interest;

d. $7,200.00 for withheld but not remitted contributions by Plaintiff to his 401(k) with interest; and

e. $33,300.00 for unpaid employer safe harbor contributions to Plaintiff's 401(k) with interest.

F. Pre-judgment and post-judgment interest as provided under West Virginia law;

G. Costs and expenses incurred in the prosecution of this matter, including reasonable attorney's fees as provided by W. Va. Code § 21-5-12(b); and

H. Such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

***Plaintiff*, Montgomery Tuckwiller,**
**By Counsel,**

/s/ Wes Prince

Samuel D. Madia (WV Bar No. 10819)
J. Wesley Prince (WV Bar No. 13250)
Kendall M. Robey (WV Bar No. 14863)
**MADIA LAW FIRM, PLLC**
1056A Maple Drive
Morgantown, WV 26505
P: (304) 622-1100; F: (304) 599-5859
sam@madialawfirm.com
wes@madialawfirm.com
kendall@madialawfirm.com

FALCON
consulting & management

March 4, 2024 (rev. 1)

Mr. Monty Tuckwiller
monty@falconcm.net
***Sent Via Electronic Mail***

Dear Monty,

I am very pleased to provide the below updated offer of employment for your review and consideration.

**Employer:** Falcon Consulting & Management ("Falcon" or "FCM")

**Employee:** Monty Tuckwiller

**Position Title:** Project Engineer

**Effective Date:** January 1, 2024. Any "catch up" salary payments to be remitted to Employee at the first regularly scheduled payroll date following acceptance of these terms.

**Base Salary:** $135,000. All pay is subject to deductions required by law and for the cost of elected programs and benefits.

Falcon and Employee acknowledge and agree that Employee shall be eligible for a subsequent and additional 3% cost of living Increase to base salary in October 2024.

**Benefits:** Subject to the terms of each plan, Employee shall continue to remain eligible to participate in the comprehensive benefits package provided.

**Vehicle:** Falcon to either (i) provide a company vehicle for work related use and needs or (ii) provide a 'vehicle allowance' to employee of $15,000 annually. Falcon and Employee shall work to mutually agree on the details (timing, vehicle type, etc.) of the terms of this vehicle section and work towards implementing the same as soon as practicable, but no later than April 15, 2024..

Use of the company provided vehicle for travel related to work is not taxable to the employee. Use of the company provided vehicle for travel related to personal use is taxable to the employee. Any personal income taxes for your daily commute to/from your Morgantown residence and the Falcon office or Falcon related projects/sites/buildings will be reimbursed by the employer. Any personal income taxes for use of company vehicle, following acceptance of this offer, for other personal activities shall be the responsibility of the employee.

**Bonus:** **Within fifteen (15) days of acceptance of these revised terms of employment, Employee shall be eligible for bonus of $15,000, before any tax and other deductions required by law.**

**Sincerely,**

Ryan Lynch

**Ryan Lynch**

**Acceptance:**

3-7-24

Mr. Montgomery "Monty" Tuckwiller **Date**

FALCON
consulting & management

**Ryan Lynch**
304 692 1462
*ryan@lynchwv.net*

PO Box 4034
Morgantown, WV 26504-4034

*Miranda Zelenak, Executive Assistant*
*304 216 5310*
*miranda.zelenak@lynchwv.net*

October 17, 2025 (v2)

*(Hand delivered)*
Montgomery "Monty" Tuckwiller
866 Hidden View Way
Morgantown, WV 26508

RE: Revised Employment Terms

Dear Monty:

I am very grateful for your continued hard work, dedication, and significant contributions to Falcon. As follow up to our prior conversations, I am very pleased to provide you with the enclosed updated offer of employment terms - for your review and consideration. If you are in agreement, please counter-sign and return a scanned PDF copy via e-mail to ryan@lynchwv.net.

Very truly yours,

Ryan Lynch

Ryan Lynch

FALCON
consulting & management

**Ryan Lynch**
304 692 1462
*ryan@lynchwv.net*

PO Box 4034
Morgantown, WV 26504-4034

*Miranda Zelenak, Executive Assistant*
*304 216 5310*
*miranda.zelenak@lynchwv.net*

**REVISED EMPLOYMENT TERMS**
(10/17/25 1700)

| | |
|---|---|
| **Employer:** | Falcon Services, LLC ("Falcon" or "FCM") |
| **Employee:** | Monty Tuckwiller |
| **Position Title:** | Project Manager |
| **Effective Date:** | July 1, 2025. |
| **Base Salary:** | $150,000. All pay is subject to deductions required by law and for the cost of elected programs and benefits.[1] |
| **Benefits:** | Subject to the terms of each plan, Employee shall continue to remain eligible to participate in the comprehensive benefits package provided. |
| **Vehicle:** | Falcon to continue to provide a company vehicle for work related use and needs or (ii) provide a 'vehicle allowance' to employee of $15,000 annually (pre-tax). |
| | Use of the company provided vehicle for travel related to work is not taxable to the employee. Use of the company provided vehicle for travel related to personal use is taxable to the employee. Any personal income taxes for your daily commute to/from your Morgantown residence and the Falcon |

[1] Effective date based upon our prior verbal discussions (including but not limited to 06.01.25 and 06.08.25), "Catch up payments" for difference between amounts paid to employee from 07.01.25 through 11.01.25 and amount of base salary in this revised offer of employment terms to be remitted to employee before 12/31/25.

FALCON
consulting & management

**Ryan Lynch**
304 692 1462
*ryan@lynchwv.net*

PO Box 4034
Morgantown, WV 26504-4034

*Miranda Zelenak, Executive Assistant*
*304 216 5310*
*miranda.zelenak@lynchwv.net*

office or Falcon related projects/sites/buildings will be reimbursed by the employer. Any personal income taxes for use of company vehicle, following acceptance of this offer, for other personal activities shall be the responsibility of the employee.

**Retention Bonus:**

Subject to the execution of a mutually agreeable retention bonus agreement, and in consideration of the terms of such agreement, employee shall be eligible for retention bonus of $50,000.00, before any tax and other deductions required by law. The retention bonus shall be paid in five (5) monthly installments, commencing in November 2025.

**ACCEPTED:**

Employee Signature

10-17-25
Date

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Michael D. Simms

**To:** Kendall Makenzie Robey
kendall@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following service return was FILED on 8/21/2026 1:26:53 PM

Notice Date: 8/21/2026 1:31:27 PM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Michael D. Simms

**To:** Jonathan Wesley Prince
wes@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following service return was FILED on 8/21/2026 1:26:53 PM

Notice Date: 8/21/2026 1:31:27 PM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Michael D. Simms

**To:** Samuel Dominick Madia
sam@madialawfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following service return was FILED on 8/21/2026 1:26:53 PM

Notice Date: 8/21/2026 1:31:27 PM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

# SUMMONS

FILED | 8/21/2026 1:26 PM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

Service Type: Sheriff - Including Copy Fee

NOTICE TO: Ryan Lynch, 378 Jacobs Dr, Morgantown, WV 26508

Jonathan Prince, 1056A Maple Drive, , Morgantown, WV 26505

SERVICE:

8/18/2026 10:49:22 AM — Date

/s/ Donna J. Hidock — Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ____________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ____________________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☒ Not Found in Bailiwick

8-20-26 — Date

[signature] — Server's Signature

**CC-31-2026-C-305**

**Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management**

SERVICE RETURN

West Virginia E-Filing Notice

CC-31-2026-C-305

Judge: Michael D. Simms

**To:** Kayla Reynolds
kreynolds@hfdrlaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
Montgomery Tuckwiller v. Falcon Services, LLC d/b/a Falcon Consulting & Management
CC-31-2026-C-305

The following supporting documents was FILED on 9/17/2026 11:19:56 AM

Notice Date: 9/17/2026 11:19:56 AM

Donna J. Hidock
CLERK OF THE CIRCUIT COURT
Monongalia County
75 High Street, Suite 12
MORGANTOWN, WV 26505

(304) 291-7240
Donna.Hidock@courtswv.gov

E-FILED | 9/17/2026 11:19 AM
CC-31-2026-C-305
Monongalia County Circuit Clerk
Donna J. Hidock

**IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA**

**MONTGOMERY TUCKWILLER,**

**Plaintiff,**

**v.**

**Civ. Action No. 26-C-305**
**The Honorable Michael Simms**

**FALCON SERVICES, LLC d/b/a**
**Falcon Consulting & Management,**
**and RYAN LYNCH, individually, and**
**as an officer of FALCON SERVICES, LLC**

**Defendants.**

**AGREED STIPULATION FOR RESPONSIVE PLEADING DEADLINE**

Pursuant to West Virginia Rule of Civil Procedure 6(b)(1)(A), Plaintiff Montgomery Tuckwiller and Defendants Falcon Services, LLC and Ryan Lynch, by and through undersigned counsel, jointly **STIPULATE AND AGREE** that Defendants shall have until and including October 15, 2026, to answer or otherwise respond to Plaintiff's Complaint.[1]

Dated: September 17, 2026

/s/ *Kayla S. Reynolds*
Max C. Gottlieb (WVSB #13201)
Kayla S. Reynolds (WVSB #13268)
Carl W. Shaffer (WVSB 13260)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
304-982-8056 *fax*
mgottlieb@hfdrlaw.com
kreynolds@hfdrlaw.com
cshaffer@hfdrlaw.com

*Counsel for Defendants*

/s/ *Wesley Prince*
Samuel D. Madia (WVSB #10819)
J. Wesley Prince (WVSB #13250)
Kendall M. Robey (WVSB #14863)
MADIA LAW FIRM, PLLC
106A Maple Drive
Morgantown, WV 26505
Phone: (304) 622-1100
Fax: (304) 599-5859
sam@madialawfirm.com
wes@madialawfirm.com
kendall@madialawfirm.com

*Counsel for Plaintiff*

[1] Counsels' appearance here does not waive, and Defendants affirmatively reserve, any and all defenses.

**IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA**

**MONTGOMERY TUCKWILLER,**

**Plaintiff,**

**v.**

**Civ. Action No. 26-C-305**
**The Honorable Michael Simms**

**FALCON SERVICES, LLC d/b/a**
**Falcon Consulting & Management,**
**and RYAN LYNCH, individually, and**
**as an officer of FALCON SERVICES, LLC**

**Defendants.**

## CERTIFICATE OF SERVICE

The undersigned certifies that, on September 17, 2026, she e-filed the foregoing *Agreed Stipulation for Responsive Pleading Deadline* using the Court's electronic filing system.

/s/ *Kayla S. Reynolds*
Kayla S. Reynolds (WVSB #13268)